# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SEDERICK VON LEE, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MAXEY CERLIANO, SHERIFF, GREGG § <br> COUNTY; AND TEXAS DEPARTMENT § <br> OF CORRECTIONS, GURNNY UNIT; § <br> § <br> Defendants. | **CIVIL ACTION NO.** 6:19-CV-00028-RWS |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Sederick Von Lee, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 alleging violations of his Constitutional rights during his confinement in the Gregg County Jail. The case was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant in the Plaintiff's amended complaint is Gregg County Sheriff Maxey Cerliano.

Plaintiff alleges he was wrongly held in jail for 40 days in October of 2011 on a blue warrant (i.e. a parole violator warrant) in Gregg County. He alleges he was then sent to the penitentiary for another five days, without the order or directive of a judge or a parole office. Plaintiff asserts that the warrant was erroneously issued because he had come off parole in 2010.

The Magistrate Judge ordered Plaintiff to show cause why this lawsuit should not be dismissed as barred by the statute of limitations. After review of the Plaintiff's response and the amended complaint, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the lawsuit be dismissed due to the expiration of the statute of limitations.

Docket No. 12.  Plaintiff received a copy of this Report on April 16, 2019.  Docket No. 16.  Plaintiff has filed no objections, but instead has filed duplicative motions for appointment of counsel (Docket Nos. 20, 23) and duplicative motions requesting he be allowed to proceed with his lawsuit upon his release (Docket Nos. 19, 24).  These motions are not meritorious and do not otherwise address the Magistrate Judge's finding that the lawsuit is barred by the statute of limitations.  Docket No. 12 at 4.

Because Plaintiff did not file objections to the Report of the Magistrate Judge, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

Having reviewed the record and the Report, the Court finds no plain error in the Magistrate Judge's findings and determinations.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.).  The relevant statute of limitations for Plaintiff's claims is two years in Texas.  *See King-White v. Humble Independent School District*, 803 f.3d 754, 758 (5th Cir. 2015).  Plaintiff fails to provide any support for why his claims, arising out of events from over seven years ago, are not plainly expired.  *See* Docket No. 12 at 3.  It is therefore

**ORDERED** that the Report of the Magistrate Judge (Docket No. 12) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the above-styled civil action is the above civil action is **DISMISSED WITH PREJUDICE** as frivolous for purposes of proceeding *in forma pauperis*.  *Abston v. Federal Bureau of Prisons*, 689 F.App'x 304, 2017 U.S. App. LEXIS 8242, 2017 WL 1952027 (5th Cir., May 9, 2017) (where an *in forma pauperis* complaint is barred on its face by the statute of limitations,

the complaint is properly dismissed as frivolous), *citing Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). It is further

**ORDERED** that any and all remaining motions in this civil action are hereby **DENIED**.

**So ORDERED and SIGNED this 13th day of June, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE